UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER BOOK,<br><br>    Plaintiff,<br><br>    v.<br><br>PRONAI THERAPEUTICS, INC., et al.,<br><br>    Defendants. | Case No. 5:16-cv-07408-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO REMAND AND DENYING DEFENDANTS' MOTIONS TO STAY**<br><br>Re: Dkt. Nos. 15, 18 |
| TIMOTHY GALLAS,<br><br>    Plaintiff,<br><br>    v.<br><br>PRONAI THERAPEUTICS, INC., et al.,<br>    Defendants. | Case No. 5:17-cv-01740-EJD<br><br>Re: Dkt. Nos. 20, 25 |

In these two related actions, Plaintiffs Christopher Book and Timothy Gallas bring securities claims against Defendant ProNAi Therapeutics, Inc. and its officers, its directors, and the underwriters of its initial public offering ("IPO"). Defendants removed these actions from state court in California. Plaintiffs move to remand.[1] Defendants move to stay until the U.S. Supreme Court decides whether to resolve questions about how to interpret jurisdictional provisions of the 1933 Securities Act. Plaintiffs' motions to remand will be GRANTED and Defendants' motions to stay will be DENIED.

---

[1] Since the parties agree that the Gallas and Book actions are "substantively identical" (Dkt. No. 36 at 2), this order resolves the pending motions in both cases. Docket citations refer to the Book action (16-cv-7408).

1
Case Nos.: 5:16-cv-07408-EJD and 5:17-cv-01740-EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND AND DENYING
DEFENDANTS' MOTIONS TO STAY

## I. BACKGROUND

Plaintiffs filed these securities class actions in California Superior Court. They allege violations of §§ 11 and 15 of the federal Securities Act of 1933 arising from their purchase of shares during ProNAi's IPO in 2015. Defendants removed to this Court.

## II. LEGAL STANDARD

A case may be removed to federal court if it (1) raises a federal question or (2) is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441, 1332. Defendants have the burden of showing that removal was proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts must strictly construe the removal statute against removal. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Cases should be remanded if there is any doubt about the existence of federal jurisdiction. Gaus, 980 F.2d at 566.

## III. DISCUSSION

### A. Motion to Remand

Removal to a federal court is allowed "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). Here, Plaintiffs argue that removal is barred under § 77v(a) of the Securities Act, which states that the

> district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under [the 1933 Act] . . . and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by [the 1933 Act]. . . . Except as provided in section 77p(c) of this title, no case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a); Pls.' Mot. to Remand ("Mot.") 3, Dkt. No. 18. Because the "sole claims in this case are for violations of the Securities Act," Plaintiffs argue, "Section 77v(a) bars removal." Mot. 5.

Defendants respond that removal is proper because § 77v(a) should be interpreted to mean that federal courts have exclusive jurisdiction to hear "covered class actions" that raise claims

2

Case Nos.: 5:16-cv-07408-EJD and 5:17-cv-01740-EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND AND DENYING DEFENDANTS' MOTIONS TO STAY

under the 1933 Securities Act. Notice of Removal 4–8, Dkt. No. 1.

This Court addressed this very question of statutory interpretation in Young v. Pac. Biosciences of Cal., Inc., Nos. 5:11-cv-05668-EJD, 5:11-cv-05669-EJD, 2012 WL 851509 (N.D. Cal. Mar. 13, 2012). This Court held that class actions that allege claims only under the 1993 Act cannot be removed from state court. Id. at *4. Most courts in this district have adopted the same interpretation. See, e.g., Rivera v. Fitbit, Inc., No. 16-CV-02890-SI, 2016 WL 4013504, at *2 (N.D. Cal. July 27, 2016) ("nearly every court within this district that has addressed this issue since 2012 has remanded this type of case back to state court, ruling that the Securities Act explicitly bars removal of securities class actions asserting only federal claims"); Rajasekaran v. CytRx Corp., No. CV 14-3406-GHK PJWX, 2014 WL 4330787, at *2 (C.D. Cal. Aug. 21, 2014) ("The Securities Act of 1933 contains an express removal bar that falls within the exception to § 1441(a)."); Mot. 2 n.3 (collecting a dozen cases from this district that have reached the same conclusion).

Defendants point out that some courts read the statute differently. See, e.g., Hung v. iDreamSky Tech. Ltd., No. 15-CV-2514 (JPO), 2016 WL 299034, at *4 (S.D.N.Y. Jan. 25, 2016) ("[T]he Court adopts Defendants' interpretation of § 77v(a), and New York state courts lack jurisdiction over this covered class action. Because the New York court is not a court of competent jurisdiction under § 77v(a), the bar on removal does not apply, and the case is removable."); Lapin v. Facebook, Inc., No. C-12-3195 MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) ("federal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims" (quoting Knox v. Agria Corp., 613 F.Supp. 419, 425 (S.D.N.Y. 2009))). Defendants "respectfully disagree with the Court's decision in [Young] and with the other decisions granting remand of Securities Act class actions." Defs.' Opp'n to Pls.' Mot. to Remand 2, Dkt. No. 25.

This Court finds no compelling reason to depart from its reading of § 77v(a) in Young. Accordingly, Book's and Gallas's claims will be remanded.

### B. Motion to Stay

The U.S. Supreme Court is considering two petitions for writs of certiorari addressing whether state courts have concurrent jurisdiction over class actions under the 1933 Securities Act. Petition for Writ of Certiorari, Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund (No. 15-1439), 2016 WL 3040512 (filed May 24, 2016); Petition for Writ of Certiorari, FireEye, Inc. v. Sup. Ct. of Cal. (No. 16-744), 2016 WL 7174592 (filed Dec. 5, 2016). Because a Supreme Court decision might resolve the issue of whether Book and Gallas's actions are removable, Defendants argue that these cases should be stayed until the Supreme Court decides whether to grant the petitions. Dkt. No. 15. However, as discussed above, this Court interprets § 77v(a) to mean that the Book and Gallas actions are not removable. As such, this Court lacks jurisdiction to adjudicate Plaintiffs' claims, and Defendants' motions to stay must be denied.

## IV. CONCLUSION

Plaintiffs' motions to remand (Book Dkt. No. 18, Gallas Dkt. No. 20) are GRANTED. Defendants' motions to stay (Book Dkt. No. 15, Gallas Dkt. No. 25) are DENIED. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 12, 2017

EDWARD J. DAVILA
United States District Judge